IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| SENTRY INSURANCE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause Number. 4:12CV241 HEA |
| | ) | |
| TAMMY WHITAKER, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion for Summary Judgment, [Doc. No. 24]. Defendant opposes the Motion. For the reasons set forth below, Plaintiff's Motion is denied.

## Facts and Background

Plaintiff brought this declaratory judgment action seeking a declaration from the Court that it is not obligated to pay Defendant's insurance claim under a policy of insurance issued by Plaintiff to Defendant. Plaintiff claims Defendant made material misrepresentations that rendered the policy void. Additionally, Plaintiff seeks a determination that Defendant's counterclaim for vexatious refusal to pay under the policy is without merit. Plaintiff further seeks return of the amount it has paid on Defendant's insurance claim.

## Discussion

The Policy contains certain provisions which require certain actions from Defendant. Policy holders are required to notify Plaintiff as soon after the loss as possible. Further, policyholders are required to cooperate with investigation of the loss, protect the home and personal possessions from further damage or loss, provide documentation that will assist in verifying Plaintiff's liability for a loss, make a list of damaged or destroyed personal possessions, showing in detail the quantity, description and amount of loss for each item.

The policy also requires a sworn proof of loss within 60 days of the date of the loss, and requires the insured to submit individually to examination under oath as often as Plaintiff reasonably requires. The policy contains the exclusion that Plaintiff has no duty to provide coverage if the insured fails to comply with the insured's responsibilities.

The policy also contains the exclusion:

This entire policy will be void with respect to all persons insured under this policy if, whether before or after a loss, any person insured under this policy has:
\#      Intentionally concealed or misrepresented any material fact or circumstance; or
\#      Intentionally caused a loss; or
\#      Made false statements; relating to this insurance.

Plaintiff investigated Defendant's fire claim and determined that Defendant failed to co-operate and failed to comply with her responsibilities. Plaintiff also

concluded from its investigation that Defendant had intentionally concealed and/or misrepresented material facts or circumstances, engaged in fraudulent conduct, dishonest or criminal conduct ro made false statements surrounding the fire loss, the claim presented and the insurance including the extent of the damage and the amount of personal property loss.

Plaintiff moves for summary judgment on the grounds that the evidence establishes its position and that no reasonable jury could conclude that Defendant has not acted as detailed in Plaintiff's Complaint. Defendant argues that the issues before the Court are factual, and therefore, not determinable through summary judgement, rather, must be determined by the trier of fact.

## Standard of Review

The standard for summary judgment is well settled. In determining whether summary judgment should issue, the Court must view the facts and the inferences in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Woods v. DaimlerChrysler Corp.*, 409 F.3d 918, 921 (8th Cir. 2005); *Littrell v. City of Kansas City, Mo.*, 459 F.3d 918, 921 (8th Cir. 2006). The moving party has the burden to establish both the absence of a genuine issue of material fact and show that it is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.*,

477 U.S. 242, 247 (1986); *Celotex Corp v. Catrett*, 477 U.S. 317, 322 (1986); *Enterprise Bank v. Magna Bank*, 92 F.3d 743, 747 (8th Cir. 1996). Once the moving party has met this burden, the nonmoving party may not rest on the allegations in his pleadings but by affidavit or other evidence must adduce specific facts showing that a genuine issue of material fact exists. Fed.R.Civ.P. 56(e); *Anderson* 477 U.S. at 256, *Littrell*, 459 F.3d at 921.

The nonmoving party must articulate and substantiate specific facts showing a genuine issue of material fact. "The party opposing summary judgment may not rest on the allegations in its pleadings; it must 'set forth specific facts showing that there is a genuine issue for trial.'" *United Life of Omaha Life Ins. Co. v. Honea*, 458 F.3d 788, 791 (8th Cir. 2006) (quoting Fed.R.Civ.P. 56(e)); "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 248 (1986); *Hitt v. Harsco Corp.,* 356 F.3d 920, 923 (8th Cir. 2004). An issue of fact is genuine when "a reasonable jury could return a verdict for the nonmoving party" on a factual issue. *Anderson*, 477 U.S. at 248; *Woods*, 409 F.3d at 990. To survive a motion for summary judgment, the "nonmoving party must 'substantiate his allegations with sufficient probative evidence [that] would permit a finding in [his] favor based on more than mere speculation, conjecture, or fantasy.'" *Wilson v. Int'l Bus. Machs. Corp.,* 62 F.3d 237, 241 (8th

Cir. 1995)(quotation omitted);" *Putnam v. Unity Health System*, 348 F.3d 732, 733--34 (8th Cir. 2003). A plaintiff may not merely point to unsupported self-serving allegations, but must substantiate allegations with sufficient probative evidence that would permit a finding in the plaintiff's favor. *Wilson* 62 F.3d at 241 (8th Cir. 1995); *Smith v. International Paper Co.*, 523 F.3d 845,848 (8th Cir. 2008). "The mere scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. 242 at 252; *Davidson & Assoc. v. Jung*, 422 F.3d 630, 638 (8th Cir. 2005); *Smith*, 523 F.3d at 848.

The type of exclusionary language in the insurance policy has been held to be unambiguous and enforceable. *Childers v. State Farm Fire & Cas. Co.*, 799 S.W.2d 138, 141; *Liberty Mut. Fire Ins. Co. v. Scott*, 486 F.3d 418, 422-23 (8th Cir. 2007); *Santizo v. Allstate Property and Casualty Insurance Company*, Cause Number 4:09cv151 SNLJ, Memorandum, July 9, 2010; *Allstate v. Estes*, 118 F.Supp.2d 968, 972 (E.D.Mo 2000).

Under Missouri law, "a misrepresentation as to a portion of the loss may void coverage to the entire claim." *Childers v. State Farm Fire & Cas. Co.,* 799 S.W.2d 138, 141 (Mo.Ct.App.1990). Misrepresentation, however, under Missouri law "requires an intent to deceive." *United Fire & Cas. Co. v. Historic Pres. Trust,*

265 F.3d 722, 731 (8th Cir.2001) (citing *Gould v. MFA Mut. Ins. Co.,* 331 S.W.2d 663, 669 (Mo.Ct.App.1960)).

Under Missouri law, a person who has an opportunity to read a document but signs it without doing so is held to have knowledge of its contents. *United States ex rel. Bussen Quarries, Inc. v. Thomas,* 938 F.2d 831, 833 (8th Cir.1991). But knowledge of the contents of a document that contains false information does not necessarily establish an intent to deceive. "Proof of a mere naked falsehood or misrepresentation ordinarily is not enough" to void an insurance policy, because it "is firmly established [that] the existence of a fraudulent intent or an intent to deceive is an indispensable element." *Cohen v. Metro. Life Ins. Co.,* 444 S.W.2d 498, 505 (Mo.Ct.App.1969). If an insured knows, for example, that a document says an object was in a home during a fire, and the insured *genuinely believed* that the object was in the home, then proof that the object was elsewhere during the fire does not establish that the person intended to deceive the insurer.

Missouri law also does not establish that Defendant is "conclusively bound" by the representations made in the initial inventory. An insured may contradict or explain the inventory at trial, and the credibility of the insured is typically a question of fact for the factfinder. *See Parks v. Md. Cas. Co.,* 230 Mo.App. 383, 91 S.W.2d 1186, 1192 (1936) (stating that statements in a proof of loss bind the

insured "unless they are contradicted or explained at trial"); *see also* 13 Lee R. Russ & Thomas F. Segalla, *Couch on Insurance,* § 197:14 (3d ed. 2005) ("As a general rule, statements made in proofs of loss ... are not conclusive as to the claimant, provided they were made in good faith and without an intent or attempt to defraud the insurer.").

The Eighth Circuit Court of Appeals' decision in *Liberty Mutual Fire Insurance Co. v. Scott,* 486 F.3d 418 (8th Cir.2007), is not to the contrary. *Scott* held that an insured's material misrepresentation regarding her personal property—reflected in discrepancies between an insurance proof of loss and a bankruptcy petition—voided the insured's coverage for fire losses. 486 F.3d at 422–23. The Court noted, however, that the insured presented no evidence "that the insurance proof of loss amounts resulted from mistake or were otherwise inadvertent," and that the only reasonable inference was that the insured made a material misrepresentation to the insurer. *Id.* at 423. Unlike the insured in *Scott,* Defendant has presented evidence that the discrepancies on the initial inventory were a result of mistake or inadvertence, and therefore not the product of an intent to deceive Plaintiff. *Young v. Allstate Ins. Co*. 685 F.3d 782, 784-787 (8th Cir. 2012).

**Conclusion**

Based on the record before the Court, there exists genuine issues of material fact. Plaintiff is therefore not entitled to judgment as a matter of law.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Summary Judgment, [Doc. No. 24], is DENIED.

Dated this 28th day of August, 2013.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE